**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| HANKOOK TIRE & TECHNOLOGY CO., LTD.,<br>*Plaintiff,*<br>v.<br>UNITED STATES,<br>*Defendant.* | Court No. 26-03591 |

**COMPLAINT**

Plaintiff, Hankook Tire & Technology Co., Ltd. ("Plaintiff" or "Hankook"), by and through its attorneys, alleges as follows:

**ADMINISTRATIVE DETERMINATION TO BE REVIEWED**

1. Plaintiff brings this action pursuant to, and in accordance with, sections 516A(a)(2)(A)(i)(I) and 516A(a)(2)(B)(iii) of the Tariff Act of 1930, as amended (codified at 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I) and (a)(2)(B)(iii)), contesting certain aspects of the final results of the 2023-2024 administrative review of the antidumping duty order on *Passenger Vehicle and Light Truck Tires from the Republic of Korea*, Case No. A-580-908, issued by the U.S. Department of Commerce ("Commerce"), International Trade Administration, as they apply to Plaintiff. *See Passenger Vehicle and Light Truck Tires From the Republic of Korea: Final Results of the Antidumping Duty Administrative Review; 2023-2024*, 91 Fed. Reg. 42,926 (Dep't Commerce July 13, 2026) ("*Final Results*"), and accompanying Issues and Decision Memorandum (July 7, 2026).

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a(a)(2).

## STANDING

3. Plaintiff is a foreign producer and exporter of subject merchandise, passenger vehicle and light truck tires from the Republic of Korea, and therefore is an interested party within the meaning of 19 U.S.C. § 1677(9)(A). Plaintiff requested an administrative review and was selected for individual examination by Commerce. Plaintiff participated in the administrative review proceeding through the submission of questionnaire responses and through the filing of factual information and legal arguments to address substantive case issues. Accordingly, Plaintiff has standing to commence this action pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## TIMELINESS

4. The *Final Results*, which are being challenged herein, were published in the *Federal Register* on July 13, 2026. *See* 91 Fed. Reg. 42,926. On August 12, 2026, Plaintiff timely filed a Summons initiating this action within thirty days of the publication of the *Final Results*, and Plaintiff is timely filing the Complaint today within thirty days of the filing of the Summons. The filing of the Summons and Complaint thus are timely in accordance with 19 U.S.C. § 1516a(a)(2)(A), 28 U.S.C. § 2636(c), and Rules 3(a)(2) and 6(a) of the U.S. Court of International Trade.

## STANDARD OF REVIEW

5. This Court reviews actions brought under 19 U.S.C. § 1516a(a)(2) to determine whether Commerce's determinations are "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i).

## PROCEDURAL HISTORY

6. On August 14, 2024, Commerce initiated the third administrative review of the antidumping duty order on passenger vehicle and light truck tires from the Republic of Korea. *See*

*Initiation of Antidumping and Countervailing Duty Administrative Review*, 89 Fed. Reg. 66,035 (Dep't Commerce Aug. 14, 2024). Commerce's period of review ("POR") was July 1, 2023 through June 30, 2024.

7. In October 2024, Commerce issued a memorandum stating that it had selected Hankook and Nexen Tire Corporation as mandatory respondents in the 2023-2024 administrative review. *See* Memorandum from Jun Jack Zhao to Jill E. Pollack, *RE: 2023-2024 Antidumping Duty Administrative Review of Passenger Vehicle and Light Truck Tires from the Republic of Korea: Respondent Selection* (Oct. 30, 2024).

8. In December 2024 and January 2025, Hankook submitted timely responses to section A (i.e., the section relating to general information) and sections B to D (i.e., the sections covering comparison market sales, U.S. sales, and cost of production (COP) /constructed value (CV), respectively) of Commerce's questionnaire. *See* Letter to Sec'y Commerce from Akin Gump, "Passenger Vehicle and Light Truck Tires from the Republic of Korea: Response to Section A of the Department's October 30, 2024 Initial Questionnaire" (Dec. 6, 2024); *see also* Letter to Sec'y Commerce from Akin Gump, "Passenger Vehicle and Light Truck Tires from the Republic of Korea: Response to Section B-D of the Department's October 30, 2024 Initial Questionnaire" (Jan. 6, 2025).

9. Therein, Hankook provided substantial information related to the differences between sales made through different levels of trade in the home and the U.S. markets. In addition, Hankook submitted substantial qualitative and quantitative information demonstrating differences in selling functions and selling activities, including evidence that it performed substantially more selling activities at significantly higher levels of intensity for certain home-market customers. *See id*.

10. On January 8, 2026, Commerce issued its preliminary results of the 2023-2024 administrative review. *See Passenger Vehicle and Light Truck Tires From the Republic of Korea: Preliminary Results of Antidumping Duty Administrative Review; 2023-2024*, 91 Fed. Reg. 694 (Dep't Commerce Jan. 8, 2026) ("*Preliminary Results*"), and accompanying Issues and Decision Memorandum (Jan. 6, 2026).

11. In its *Preliminary Results*, Commerce determined that Hankook's home-market sales and U.S. sales were made at two different levels of trade, and thus concluded that a level-of-trade adjustment was warranted. Commerce also conducted a differential pricing analysis to determine whether Hankook's dumping margin should be calculated using the average-to-transaction method rather than the average-to-average method. Based on its analysis, Commerce found that a percentage of the value of Hankook's U.S. sales passed its price difference test and that there was a pattern of prices that differed significantly among purchasers, regions, and time periods. Commerce therefore applied the average-to-transaction method in calculating Hankook's weighted-average dumping margin.

12. In March 2026, interested parties submitted case and rebuttal briefs addressing various issues in the *Preliminary Results*, including Commerce's preliminary decision with respect to Commerce's application of a level of trade adjustment and Commerce's application of the price difference test in Hankook's margin calculation.

13. In May 2026, Commerce held a public hearing to address issues contained in the case and rebuttal briefs based on a request by Hankook. Hankook participated in this hearing.

14. On July 13, 2026, Commerce published its *Final Results* in which it reversed its preliminary determination with respect to a level of trade adjustment. Commerce concluded that it could not evaluate Hankook's level of trade claim because the record purportedly lacked critical

information regarding Hankook's quantitative analysis substantiating its home-market and U.S. market levels of trade and claims of differences of selling activities. Further, Commerce continued to apply the differential pricing analysis used in the *Preliminary Results* and thus relied on the average-to-transaction method in calculating Hankook's weighted-average dumping margin. The legal bases for Commerce's *Final Results* were set forth in an unpublished Issues and Decision Memorandum dated July 7, 2026.

## ISSUES PRESENTED BY THE ACTION AND PLAINTIFF'S STATEMENT OF CLAIMS

15. In the following respects, and for other reasons apparent from the record of the administrative proceeding, Commerce's *Final Results* in the 2023-2024 antidumping duty administrative review were unsupported by substantial record evidence and/or were otherwise not in accordance with law.

## COUNT ONE

16. Paragraphs 1 through 15 are incorporated herein by reference.

17. Commerce's determination in the *Final Results* that Hankook failed to satisfy its burden to establish entitlement to a level-of-trade adjustment and that Commerce had no obligation to provide Hankook with an opportunity to address the alleged deficiency was unsupported by substantial evidence and otherwise not in accordance with law.

## COUNT TWO

18. Paragraphs 1 through 17 are incorporated herein by reference.

19. The differential pricing analysis that Commerce applied in the *Final Results* does not comport with the statutory requirement to identify a pattern of prices that differ significantly among purchasers, regions, or time periods and is therefore unsupported by substantial evidence and otherwise not in accordance with law.

**DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF**

For the reasons stated above, Plaintiff respectfully requests that the Court:

(a) enter judgment in Plaintiff's favor;

(b) declare that, with respect to the issues raised in this Complaint, Commerce's determinations and all related findings and conclusions are unsupported by substantial evidence on the record or are otherwise not in accordance with law;

(c) remand this matter to Commerce for redetermination consistent with the Court's opinion, including a recalculation of Plaintiff's antidumping duty margin; and

(d) provide such other relief as the Court deems just and proper.

Respectfully Submitted,

/s/ Sarah Sprinkle
Sarah Sprinkle
Luke Mathers
Alexander Keyser
Christopher Yankson
Noah Yuro*
Young Park*
**SANDLER TRAVIS & ROSENBERG, P.A.**
1300 Pennsylvania Avenue, N.W., Suite 400
Washington, D.C. 20004
Tel: (202) 730-4969
ssprinkle@strtrade.com
** Bar admission pending.*

*Attorneys for Hankook Tire & Technology Co., Ltd.*

Dated: September 10, 2026